UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHARLES WRIGHT,<br><br>Petitioner,<br><br>v.<br><br>JOE A. LIZARRAGA<br><br>Respondent. | No. 2:17-cv-0617 TLN AC P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the ground that petitioner did not exhaust any of his claims prior to filing the petition in this court. ECF No. 21. Petitioner opposes the motion. ECF No. 22.

I. Factual and Procedural Background

On October 30, 2013, petitioner was convicted of first-degree burglary. ECF No. 1 at 1; Lod. Doc. 1. He was sentenced to a determinate state prison term of seventeen years. ECF No. 1 at 1; Lod. Doc. 1.

A. Direct Review

Petitioner, with the assistance of counsel, appealed to the California Court of Appeal, Third Appellate District. ECF No. 1 at 2. On July 30, 2015, the Court of Appeal affirmed the judgment of conviction, but reversed an order for payment of attorney's fees and remanded the

1

issue. Id.; Lod. Doc. 2 at 5. Petitioner did not seek review in the California Supreme Court. ECF No. 1 at 2.

B. State Collateral Review

On September 8, 2015,[1] petitioner filed a petition for writ of habeas corpus in Sacramento County Superior Court which was assigned case number 15HC00521. Lod. Doc 3. On November 4, 2015, the petition was denied. Lod. Doc. 4.

On January 11, 2016, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District which was assigned case number C081089. Lod. Doc 5. On May 12, 2016, the Court of Appeal issued an order to show cause and directed that the answer be filed in the Sacramento County Superior Court. ECF No. 1 at 101. The Sacramento County Superior Court's docket shows the petition was filed on May 25, 2016, and assigned case number 16HC00216.[2] Lod. Doc. 7. The petition was denied on October 17, 2016. Lod. Doc. 8.

Petitioner appears to have attempted to file a petition for review of Court of Appeal case number C081089 in the California Supreme Court on October 28, 2016, but it came back "return to sender" on an unknown date. ECF No. 1 at 111-18. On February 7, 2017, the Clerk of the Supreme Court responded to an inquiry from petitioner and stated there was "no record of a petition for review having been filed around October 28, 2016," in that case. Id. at 118.

On November 7, 2016, the Court of Appeal for the Third District received petitioner's "Petition for Rehearing" in case number C081089, which was returned unfiled on November 16, 2016, because the case was closed when it issued the order to show cause returnable before the trial court. ECF No. 1 at 108. The Court of Appeal returned additional exhibits to petitioner on December 9, 2016, for the same reason. Id. at 109.

Petitioner next filed a motion for reconsideration in the Sacramento County Superior Court, which was denied on January 10, 2017, for lack of jurisdiction. Id. at 110.

---

[1] The filing date of documents submitted when petitioner was proceeding pro se is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).
[2] Respondent was unable to provide a copy of the petition because the Sacramento County Superior Court was unable to locate the file for case number 16HC00216.

On February 13, 2017, petitioner re-sent his "Petition for Review" of case number C081089 to the California Supreme Court. Id. at 111-17. On February 27, 2017, the Clerk of the California Supreme Court returned petitioner's petition unfiled, stating that "the Court of Appeal docket show[ed] that an order to show cause was filed May 12, 2016" and that the California Supreme Court "lost jurisdiction to act on any petition for review July 12, 2016." ECF No. 1 at 119 (citing Cal. Ct. R. 8.500(e)).

On November 6, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. ECF No. 20. The petition was denied without comment on February 14, 2018. ECF No. 17 at 2.

C. Federal Petition

On March 7, 2017, petitioner filed a petition for writ of habeas corpus in this court. ECF No. 1. After being ordered to respond to the petition, respondent filed a motion to dismiss for failure to exhaust (ECF No. 9), which petitioner opposed (ECF No. 12). After the motion was fully briefed, petitioner filed a notice of exhaustion that included a copy of the California Supreme Court's order denying his petition for writ of habeas corpus. ECF No.17. The motion to dismiss was vacated and petitioner was directed to file a copy of his petition in the California Supreme Court showing that his claims in that court were the same claims pursued in this court. ECF No. 19. Petitioner promptly filed a copy of his California Supreme Court petition (ECF No. 20) and respondent filed the currently pending motion to dismiss (ECF No. 21).

II. Motion to Dismiss

Respondent moves to dismiss the instant petition on the ground that it was not exhausted at the time of filing in this court. ECF No. 21. He further argues that petitioner failed to request a stay while he returned to state court and the petition should therefore be dismissed, even if petitioner has shown that he exhausted his claims in state courts while this action was pending. Id. at 3.

III. Opposition

In response to the motion, petitioner argues that he fairly presented his federal claims to the California Supreme Court when he initially tried to file a petition for review in October 2016

3

and again in February 2017. ECF No. 22 at 2. He further argues that his claims have been fairly presented to the California Supreme Court because he filed a petition for habeas corpus in that court after respondent filed his first motion to dismiss, and the California Supreme Court denied the petition. Id. at 3.

IV. Discussion

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered." Castile v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

"'The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.'" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)); McGary v. Richards, 320 F. App'x 654, 655-56 (9th Cir. 2009) (holding that request for unprecedented remedy to remand so that district court could "stay and abey" subsequently exhausted claims was foreclosed by Gatlin and Brown). Once a respondent moves to dismiss and it is determined that a petition is unexhausted, "the district court [is] 'obliged to dismiss immediately,' as the petition contain[s] no exhausted claims." Jiminez v. Rice, 276 F. 3d 478, 481 (9th Cir. 2001) (citation omitted).

Petitioner appears to have filed (or attempted to file) a petition with the California Supreme Court three times: a petition for review on October 28, 2016, which never reached the court; a second petition for review on February 13, 2017, which was returned unfiled for "lack of jurisdiction"; and a petition for writ of habeas corpus, which appears to have been properly filed and was denied on February 14, 2018. ECF No. 1 at 111-19; ECF No. 17 at 2; ECF No. 20. As

4

respondent correctly argues, petitioner's first two filing attempts did not "fairly present" petitioner's claims to the California Supreme Court. It appears that after the Sacramento County Superior Court denied petitioner's second habeas petition in case number 16HC00216, rather than filing a new petition in the Court of Appeal, petitioner attempted to re-initiate proceedings in his previous appeal, case number C081089. See ECF No. 1 at 108 (letter from Court of Appeal advising that C081089 was closed when the order to show cause returnable to the trial court was issued), 110 (order from superior court denying motion for reconsideration and advising that petitioner had to file a new petition in the Court of Appeal). When petitioner then attempted to proceed to the California Supreme Court, rather than filing a new petition for writ of habeas corpus in that court, he filed a petition for review of case number C081089, which had long since been closed. Although petitioner's confusion regarding the proper procedure for presenting his claims is understandable, it nonetheless resulted in his claims being presented to the California Supreme Court in a procedural context in which they would not be considered. Petitioner's claims were therefore not "fairly presented" to the California Supreme Court until his November 6, 2017 habeas petition was filed, resulting in their exhaustion when the court denied his petition on February 14, 2018.

Although petitioner has now exhausted his state remedies and provided this court with proof of such (ECF Nos. 17, 20), his efforts occurred while this federal petition was pending, and he did not seek a stay of these proceedings while he pursued his state court remedies. Because the petition was not exhausted when it was filed, it must be dismissed.

V. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that respondent's motion to dismiss be granted because your claims were not exhausted when you filed the petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 21) be granted and petitioner's application for writ of habeas corpus (ECF No. 1) be dismissed without prejudice as unexhausted.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE